**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4335**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

CLAYTON SAMUEL PAUL,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00342-NCT-1)

_____

Submitted: November 18, 2014     Decided: November 20, 2014

_____

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Timothy Nicholas Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton Samuel Paul pled guilty to possession of a firearm by a person previously convicted of a felony offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2012). The district court applied a cross-reference pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(c)(1)(A) (2013) to the Guideline for kidnapping, abduction, or unlawful restraint, USSG § 2A4.1, after finding that Paul possessed the firearm in connection with a kidnapping, abduction or unlawful restraint. The court imposed a 120-month sentence. Paul's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred by applying the kidnapping cross-reference under USSG §§ 2K2.1(c)(1)(A), 2X1.1(a), 2A4.1, to calculate Paul's Guidelines range. Paul filed a pro se supplemental brief, also challenging application of the cross-reference. Concluding that the district court did not err, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated Paul's Sentencing Guidelines range. Id. at 49–51. This court reviews the district court's factual findings for clear error and its

2

legal conclusions de novo.  United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

The cross-reference applies "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission . . . of another offense." USSG § 2K2.1(c)(1).  Paul argues that the district court erred in finding that he possessed the firearm in connection with a kidnapping, abduction, or unlawful restraint.  Faced with conflicting evidence, the district court found Paul's evidence incredible, and found the victim's testimony credible.  We find no clear error in this determination.  See United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (defining clear error). "[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks and citation omitted).  Accordingly, we affirm the application of this cross-reference.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Paul's conviction and sentence. This court requires that counsel inform Paul, in writing, of the right to petition the Supreme Court of the United States for further review.  If Paul requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paul. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED